IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                       CRIMINAL ACTION NO. 1:06CR59

THOMAS MACWILLIAMS,

       Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for the purpose of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Thomas MacWilliams, in person and by counsel, Brian J. Kornbrath, appeared before me on September 29, 2006. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant voluntarily waived his right to have an Article III Judge hear his plea; voluntarily consented to the undersigned Magistrate Judge hearing his plea; and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

The Court finds that the waiver of an Article III Judge to conduct the Rule 11 hearing and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given and the

written waiver and consent was freely and voluntarily executed by Defendant, Thomas MacWilliams.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court asked the Defendant about his background and also asked Defendant about his competency to proceed with the plea hearing. The Court inquired whether Defendant and his counsel had received, read and understood the indictment.

The Court then asked counsel for the Government to summarize the written Plea Agreement which she did. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The undersigned Magistrate Judge further inquired of Defendant and his counsel as to the non-binding recommendations contained in the written plea bargain agreement.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood the maximum fine that could be imposed was

$500,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release. He also agreed that he forfeited his interest in the property described in the forfeiture allegations contained in the Indictment.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The Court reviewed with Defendant the impact and importance of the sentencing guidelines generally.

Defendant was advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Three of the Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and sentenced him to a sentence which was different from that which he expected. Defendant was also advised the Court was not bound by the recommendations in the plea agreement. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up pursuant to the expressed condition as part of the written plea agreement.

The Court advised and questioned Defendant about all his rights under Rule 11. The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and

voluntary execution of the written plea bargain agreement signed by him on September 18, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The Court then received the sworn testimony of West Virginia State Trooper John Wayne Smith ("Smith") regarding the factual basis of why Defendant is guilty of the charge contained in Count Three of the Indictment, charging that he, aided and abetted by another individual, did knowingly and openly lease, rent, use and maintain any place whether permanently or temporarily for the purpose of manufacturing, possessing with intent to distribute, distributing and using any controlled substance, to-wit: marijuana, a Schedule I drug controlled substance; in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

Smith testified that he became involved in this matter when his office was contacted by authorities in Ohio regarding an outstanding State of Ohio fugitive warrant for Defendant's arrest. The authorities in Ohio at that time had reason to believe that Defendant could be found residing in a trailer located in Hoot Owl Hollow, near Burnsville, West Virginia. Smith subsequently proceeded to Hoot Owl Hollow, located Defendant there, and placed him under arrest on May 7, 2006. Defendant resided at that location with another individual. Smith then discovered 260 marijuana "rootballs" in another trailer located at that location. Among other items found in that trailer were calendars detailing marijuana cultivation and distribution activities. The calendar dated back to when Defendant began residing there in December, 2005.

Thereupon, Defendant, Thomas MacWilliams, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Three of the Indictment. The Defendant then testified that he was in fact guilty of the crime

4

charged in Count Three of the Indictment. From the statement of Defendant and the testimony of Trooper Smith, the undersigned Magistrate Judge concludes the offense charged in Count Three of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Three of the Indictment; Defendant understood the consequences of his plea of guilty, particularly the statutory penalties that may be imposed; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Trooper Smith, as ratified by Defendant's own admissions in open court.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 13th day of October, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE