**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**THOMAS J. MacWILLIAMS,**

        **Petitioner,**

**v.**                                     **Civil Action No.   1:12cv140**
                                             **Criminal Action No.  1:06cr59**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On September 7, 2012, the *pro se* petitioner filed a Motion to Vacate under  28 U.S.C. §

2255.  On that same date, he was sent a Notice of Deficient pleading.  On September 20, 2012, the

petitioner filed his Motion on this Court's approved form.  In his Motion, the petitioner alleges that

he is actually innocent and factually innocent of a predicate offense used to enhance his sentence as

a career offender.   Therefore, the petitioner requests that his conviction be vacated or, in the

alternative, that he be resentenced using the correct guidelines and convictions.

## I.  Factual and Procedural History

### A.  Conviction and Sentence

On July 11, 2006, petitioner and one other individual were named by a federal grand jury in

three counts each of a three-count indictment.  On September 18, 2006, petitioner signed a plea

agreement in which he pled guilty to Count 3,[1] a charge with a potential sentence of not more than

twenty years, a fine of not more than $500,000, a three-year period of supervised release, and a

---

[1]The offense charged in Count 3 was "using and maintaining a drug-involved premise for the purpose of manufacturing, possessing with intent to distribute, distributing and using a controlled substance, marijuana,  a Schedule I drug controlled substance, in violation of Title 21, U.S.C. § 856(a)(1) and Title 18, U.S.C. § 2."

mandatory assessment of $100.[2]  In the plea agreement, the parties stipulated and agreed that petitioner's total relevant conduct was at least 40 but less than 60 kilograms of marijuana, and that defendant was a career offender pursuant to §4B1.1(a).  Petitioner also agreed to a limited waiver of his appellate rights but did not waive the right to collaterally attack his sentence

On September 29, 2006, petitioner entered his guilty plea in a plea hearing in open court. On February 14, 2007, a sentencing hearing was held.  Petitioner advised the Court that he and defense counsel had gone over the PSR in preparation for the issues to be addressed that day.  (Dkt. 89 at 3).  The Court found that petitioner had a base offense level of 20, but a Chapter 4 enhancement based on two prior felonies, an involuntary manslaughter and a felony controlled-substance offense, raised his Guideline level from 20 to 32, a twelve-level increase.  However, he then received a two-level reduction for acceptance of responsibility, and a further third level reduction was granted on the Government's motion, for a total offense level of 29.  His criminal history category, which would have been 4, became a 6 after the career offender calculation;  that, along with the total offense level of 29, gave an applicable sentencing range of 151 to 188 months imprisonment.  (Id. at 4 - 6).  Neither party objected to the Court's tentative findings.  (Id. at 6).

Defense counsel then addressed his objection to the PSR, conceding that although petitioner met the definition of a career offender,  mitigating circumstances should be considered, expanding on arguments in support of his motion for a  variant sentence  previously briefed in his Memorandum in Aid of Sentencing (Dkt. No. 77).  He described petitioner's prior involuntary manslaughter

---

[2]Counts 1 and 2 of the indictment (conspiracy and the aiding and abetting in manufacturing marijuana) against petitioner were later dismissed.

conviction as a "freak tragic accident"[3] occurring 18-19 years earlier, that, albeit a crime of violence, had no element of intent. Counsel also assured the Court that at the time petitioner committed the present crimes he was unaware that those crimes could potentially earn him career offender status, and he would not have committed them had he realized. Further, counsel argued, petitioner's present crime involved no firearms or violence, and finally, that petitioner would still be facing an unserved Ohio sentence for complicity in marijuana trafficking when he finished serving the present federal sentence. (Dkt. No. 89 at 7 - 9).

The Government then argued for a 169-month sentence in the middle of the applicable range, pointing out that the dismissal of the remaining two counts had already spared petitioner a career offender status calculation starting at level 34 instead of 31, with a potential sentence of 188 to 235 months. The Government averred that a variant sentence was not warranted under any circumstance as all the cases cited in support of petitioner's motion for a variance were factually very different from petitioner's; petitioner was not a young person who had led a previously law-abiding life and then made a mistake; his crimes were involuntary manslaughter, and then, years later, a 900-pound marijuana manufacturing conviction; in no way was he a "small-time drug dealer[]." In support of its position, the Government recounted petitioner's significant involvement in the Ohio marijuana trafficking; his failure to report to serve that sentence; his move to this jurisdiction as a fugitive living under an alias; the large number of marijuana plants involved in the present crime as proof that he "never left that drug activity . . . exactly the type of person for whom Congress intended the career offender designation . . . a recidivist[.]"

---

[3]Attached to the PSR was a "somewhat passionate letter from the stepbrother of the victim" written on behalf of petitioner, characterizing the death as such, describing the event, when the victim, a close lifelong friend of petitioner, grabbed the gun he was holding and it went off, killing him. (Id. at 7 - 8).

Defense counsel then countered, pointing out that other district courts give variant sentences below career offender guidelines; cases do not need to be factually identical to warrant variance; and finally, that the prior involuntary manslaughter conviction was 18 years old, not intentional, and, had it occurred in West Virginia, would only have been a misdemeanor with a one-year sentence.

The Court acknowledged both parties' compelling arguments, but denied petitioner's motion for a variance and sentenced him as a career offender, albeit at the lowest end of the guideline range, noting the "huge bump because of this career offender status . . . and [taking] into account . . . your acceptance of responsibility and truthfulness of your disclosures to the Government as well as the fact that you're a career offender." (Id. at 13 - 15). Petitioner was sentenced to one hundred and fifty-one (151) months imprisonment with credit for time served since May 7, 2006, to be followed by three (3) years of supervised release, beginning after his release from the unknown term of imprisonment still pending for charges in the state of Ohio, and payment of the mandatory special assessment of one hundred dollars. (Id. at 15 - 17). The Government objected, reiterating its request for a 169 month sentence; petitioner did not object. (Id. at 16 - 17).

**B. Direct Appeal**

On February 22, 2007, petitioner filed a Notice of Appeal in this Court. (Dkt. No. 85). On July 7, 2007, petitioner's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967) in the Fourth Circuit Court of Appeals, raising one issue but stating that it was his opinion that there were no meritorious issues for review. Petitioner then filed his own *pro se* brief, claiming that his guilty plea was coerced and that his 151-month sentence was improperly calculated, as was the application of the career offender guideline. On November 20, 2007, the 4th Circuit dismissed his appeal in an unpublished opinion, finding that both his plea and his waiver of the right to appeal

any sentence based on an adjusted offense level below thirty-three were knowing and voluntary.

Mandate on the decision issued on January 10, 2008.

## C. Petitioner's First Federal Habeas Corpus

On June 23, 2008 Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255.

In that motion, the petitioner set forth the following grounds for relief:

**1)** Ineffective assistance of counsel because:

**(A)** Trial counsel had a conflict of interest with petitioner because he:

**(I)** failed to raise issues petitioner wanted raised and failed to pursue the course of action that petitioner requested;

**(ii)** failed to subject the prosecution's case to a meaningful adversarial testing process;

**(iii)** refused to conduct a defense on his behalf, amounting to abandonment;

**(B)** Counsel waived petitioner's rights without his consent;

**(C)** Counsel persuaded petitioner to plead guilty through coercion and threats;

**(D)** Counsel failed to advocate for a reasonable sentence in view of the imposition of the career offender provision; and

**(2)** The Court improperly imposed an unlawful sentence because:

**(A)** drug quantity was not established, thus an essential element of the offense was not proven;

**(B)** petitioner's criminal history was not within the scope of purpose for career-offender category;

**(C)** the Court improperly relied upon inaccurate facts to impose sentence;

After the issues had been fully briefed, the undersigned issued a Report and Recommendation

("R&R") recommending that Petitioner's § 2255 motion be dismissed on the merits. After a

thorough review of Petitioner's claims, the R&R was adopted by the district judge on July 14, 2010,

and Petitioner's § 2255 motion was denied on the merits. Petitioner's appeal of that decision was dismissed by the Fourth Circuit Court of Appeals on December 20, 2011.

## C. **Petitioners' Second Federal Habeas Corpus**

In the instant action, the petitioner asserts that in 1989, he was indicted in the State of Ohio in a 3-count indictment. Count 1 charged him with causing the death of Paul Steele as a proximate result of attempting to commit a misdemeanor, to wit: recklessly causing harm to another. Count 2 charged him with causing the death of Paul Steele as a proximate result of carrying or using a firearm while under the influence of alcohol or any drug of abuse. Count 3 charged him with negligently causing the death of Paul Stele by means of a deadly weapon. Following a jury trial, the petitioner acknowledges that he convicted of counts 1 and 3, but emphasizes that the jury acquitted and found him not guilty of Count 2. (Doc. 165-2). Therefore, the petitioner maintains that his Pre-Sentence Report should not have included any reference to his having been drinking and smoking marijuana at the time of Paul Steele's death. The petitioner's continues that even though he was acquitted of all alcohol and drug related charges, the sentencing judge used this misleading and erroneous information as one of his convictions to be used as a sentencing predicate for a career offender.

## **II. Analysis**

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

6

In order for a petition to be considered successive, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002).   Here, Petitioner's  first § 2255 motion was clearly dismissed on the merits.   Thus, the undersigned finds that the current § 2255 motion is  a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court.  In fact, on July 10, 2012, the Court of Appeals denied the petitioner's motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255. In addition, on July 23, 2012, the Court of Appeals denied reconsideration or rehearing of the denial of authorization.[4] It is clear from a reading of the petitioner's Motion filed with the Court of Appeals that he was seeking the right to raise the issues presented in his pending second habeas petition.  Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255,  this Court is without authority to hear Petitioner's second federal habeas petition.  See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is  made and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file

---

[4]Appeal: 12-235 available on PACER.

objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and any counsel of record by electronic means.

DATED: December 28, 2012

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE